UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BONITA LYNCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:19-cv-01337-NBF |
| vs. ) | |
| ) | |
| CORELLE BRANDS, LLC (previously d/b/a ) | The Honorable Nora Barry Fischer |
| World Kitchen, LLC), ) | |
| CORELLE BRANDS HOLDING, INC., ) | |
| CORNING INCORPORATED, and ) | |
| WORLD KITCHEN, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT CORNING INCORPORATED'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

J. Alexander Hershey
Pa. I.D. No. 84741
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA  15219-1425
(412) 394-7711
ahershey@clarkhill.com

*Of Counsel*
Kimball Anderson
DaWanna McCray
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
kanderso@winston.com
dmccray@winston.com
(312) 558-5600

*Counsel for Corning Incorporated*

222579719

## **Table of Contents**

I. Introduction ............................................................................................................................. 1

II. Key Facts ............................................................................................................................... 3

III. Argument ............................................................................................................................... 3

      A. The Court Lacks Personal Jurisdiction Over Corning ............................................. 3

          1. There Is No General Personal Jurisdiction Over Corning in Pennsylvania ...... 4

          2. There Is No Specific Personal Jurisdiction Over Corning in Pennsylvania ..... 6

      B. Alternatively, the Complaint Fails to State Claims Against Corning Upon Which Relief Can Be Granted ....................................................................... 7

IV. Conclusion ........................................................................................................................... 11

222579719

Defendant Corning Incorporated ("Corning") submits this memorandum of law in support of its motion to dismiss the Complaint of Plaintiff Bonita Lynch [Dkt. No. 1-5] under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     INTRODUCTION

Plaintiff Bonita Lynch brought this action in the Court of Common Pleas of Allegheny County, Pennsylvania, alleging in bare-bones fashion that she was injured when "Corning Visions® cookware" exploded. (Compl. ¶ 6). Defendant Corning timely removed the case to federal court and now moves to dismiss this action against it because (1) Plaintiff has not met her burden of pleading personal jurisdiction over Corning and (2) Plaintiff has not met her burden of pleading facts sufficient to support her claims.

A plaintiff bears the burden of establishing personal jurisdiction. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). Plaintiff Lynch has jointly conflated and defined all the defendants as the "Corning Defendants" (Compl. ¶ 5) and alleges that, "[a]t all times relevant to this action, Corning Defendants were engaged in the business of designing, manufacturing, selling and/or supplying cookware and was the seller as defined by the Restatements [sic] (Second) of Torts." (Compl. ¶ 8). Plaintiff has failed to identify which of the defendants engaged in the "business of designing, manufacturing, selling, and/or supplying" relative to the specific product that she purchased and used. (*Id.*). Moreover, the only relevant time identified by the Complaint is the date on which Plaintiff alleges she was injured by the Visions® cookware: "[o]n or about February 17, 2019." (Compl. ¶ 6).

As established in the Declaration of Dana Vallera, attached hereto as Exhibit A, Corning sold its consumer cookware business—including the Corning Visions® line—in 1998. Since that time, Corning has not engaged in the business of designing, manufacturing, selling, and/or

supplying the cookware at issue in either Pennsylvania or anywhere else in the United States. Corning's divestiture of its cookware business in 1998 – 20 years before the date of Plaintiff's alleged injury – means that this Court lacks *in personam* jurisdiction over Corning regarding Plaintiff's claims.

First, this Court has no general *in personam* jurisdiction over Corning because Pennsylvania is not Corning's "home" jurisdiction.  Second, this Court has no specific *in personam* jurisdiction over Corning because Plaintiff has alleged no facts that, if proven at trial, would show that Corning purposely availed itself of the Commonwealth of Pennsylvania by selling the cookware at issue to Plaintiff in Pennsylvania.  Thus, under well-accepted jurisdiction principles, Corning should be dismissed from this action because Plaintiff has not met her burden to pleading facts to establish *in personam* jurisdiction over Corning.

In the alternative, this Court should dismiss the Complaint against Corning under Rule 12(b)(6) for failure to state claims upon which relief can be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678.  The Complaint lacks any factual allegations that, if proven at trial, would establish Corning designed, manufactured, sold, or supplied the consumer Visions® cookware that Plaintiff alleges is defective.  Instead, the Complaint consists only of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [that] do not suffice" to support Plaintiff's claims against Corning.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Thus, the Complaint should be dismissed with prejudice for this reason as well.

2

## II. KEY FACTS

Plaintiff alleges that, on or about February 17, 2019, she was using a piece of Visions® cookware, "and without warning the pot exploded causing severe injuries." (Compl. ¶ 6).

Corning divested its remaining consumer products businesses, including those related to Visions® cookware, decades before this alleged incident. The Visions® line was divested to Corning Consumer Products Company ("CCPC"), a Delaware company located in New York and a former subsidiary of Corning. (Vallera Decl. ¶ 5). Corning transferred shares of CCPC to a subsidiary of Borden, Inc., an Ohio company. *Id.* In 2000, CCPC changed its name to World Kitchen. *Id.* In 2002, World Kitchen filed for Chapter 11 bankruptcy and underwent reorganization. *Id.* In 2004, World Kitchen became privately owned. *Id.* In late 2017 or early 2018, World Kitchen changed its name to Corelle Brands ("Corelle"), which is the current owner of the Visions® trademark for consumer cookware products. *Id.*

The Complaint's sole jurisdictional allegation for Corning states:

> Defendant Corning Incorporated is a corporation which at all relevant times traded and did business in the Commonwealth of Pennsylvania and County of Allegheny with a place of business located at One River Front Plaza, Corning New York 14831.

(Compl. ¶ 4). Plaintiff does not allege any facts that, if proven at trial, would show that Corning manufactured or sold the piece of cookware at issue. Nor does Plaintiff plead facts showing that Corning has or had any involvement with either the manufacture or sale of any Visions® cookware in Pennsylvania, to Plaintiff or, for that matter, anyone else.

## III. ARGUMENT

### A. The Court Lacks Personal Jurisdiction Over Corning

Plaintiff "must establish *a prima facie* case of personal jurisdiction" to survive dismissal. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). In determining whether

personal jurisdiction exists, the Court accepts as true all well-pleaded allegations in the complaint. *Id.* at 330-31. But "[t]he court need not limit the scope of its review to the pleadings and instead must consider affidavits and other competent evidence submitted by the parties." *Sam Mannino Enters., LLC v. John W. Stone Oil Distrib., LLC*, 26 F. Supp. 3d 482, 484 (W.D. Pa. 2014) (citing *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 603-04 (3d Cir. 1990)). "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *Pilatus Aircraft Ltd.*, 566 F.3d at 102. Dismissal is proper where Plaintiff, as the party invoking jurisdiction, cannot meet the burden of establishing personal jurisdiction. *Id.* Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts. *Id.* Plaintiff's deficient jurisdiction allegation does not specify whether she is relying on general or specific jurisdiction.

### 1. There Is No General Personal Jurisdiction Over Corning in Pennsylvania

General jurisdiction exists only when the defendant's affiliations with the forum state "are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). As the Supreme Court and courts in this District have made clear, in all but the most exceptional cases, general jurisdiction over a corporation is limited to its "place of incorporation and principal place of business." *See Barth v. Walt Disney Parks & Resorts U.S., Inc.*, 697 F. App'x 119 (3d Cir. 2017); *see also Nationwide Contractor Audit Serv., Inc. v. Nat'l Compliance Mgmt. Servs., Inc.*, 622 F. Supp. 2d 276, 284, 289 (W.D. Pa. 2008). Plaintiff's Complaint admits that Corning is neither incorporated in Pennsylvania, nor does it maintain its principal place of business in the state. (Compl. ¶ 4).

4

An exceptional case requires that "a corporation's operations in a [different] forum ... be so substantial and of such a nature as to render the corporation at home in that State." *Id*. Here, the Complaint does not allege that Corning has "continuous and systematic" contacts with the Commonwealth of Pennsylvania, but states only that "Corning traded and did business in the Commonwealth of Pennsylvania." (Compl. ¶ 4). This allegation is insufficient under *Daimler* to establish that Pennsylvania is Corning's home forum. *See Daimler*, 134 S. Ct. at 746 (having multiple facilities and a regional office in a forum state were not enough to render a corporation "at home" in the forum, which was not its principal place of business or place of incorporation); *see also BNSF R. Co. v. Tyrell*, 137 S. Ct. 1549, 1558-59 (2017) (even though defendant is found within the forum, the forum could not exercise general jurisdiction over the defendant which was not incorporated and did not have its principal place of business in the forum). Post-*Daimler*, plaintiffs find it "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir 2014).

Corning does not deny that it is licensed to do business in Pennsylvania, and has one facility in Pittston, Pennsylvania, that is engaged in research and manufacturing of life sciences products. Corning does not research, make, sell, market, or manufacture any Visions® products in Pennsylvania and has not done so since it divested the Visions® business in 1998. Corning's facility in Pennsylvania has nothing to do with Visions® products at issue in this action. Plaintiff has failed to, and cannot properly, alleged that Corning's contacts with Pennsylvania rise to a sufficiently "continuous and systematic" level as to render Corning "at home" in Pennsylvania and subject to general jurisdiction. *See Miller v. Native Link Constr., LLC*, No. CV 15-1605, 2017 WL 3536175, at *21 (W.D. Pa. Aug. 17, 2017) (substantial annual revenue

5

generated in the Commonwealth of Pennsylvania, filing hundreds of lawsuits in Pennsylvania over the past decade, and having an office in Pennsylvania were insufficient for general jurisdiction); *see also First National Bank of Pennsylvania, v. Transamerica Life Ins. Co.*, 2016 WL 520965 *7 (W.D. Pa. 2016) (although defendant bank had banking operations in Pennsylvania, district court could not assert personal jurisdiction over defendant because it "is not incorporated under Pennsylvania law and its principal place of business is not in Pennsylvania.").

Under this precedent, Plaintiff has failed to alleged facts that show that Corning is subject to general jurisdiction in Pennsylvania.

### 2. There Is No Specific Personal Jurisdiction Over Corning in Pennsylvania

Specific jurisdiction requires "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *In re Enter. Rent-A-Car Wage & Hour Emp't Practices Litig.*, 735 F. Supp. 2d 277, 308 (W.D. Pa. 2010), *aff'd*, 683 F.3d 462 (3d Cir. 2012). Specific jurisdiction exists when: (1) the defendant has "'purposefully directed its activities' at the forum," and (2) "the litigation [] 'arise[s] out of or relate[s] to' at least one of those activities." *Pilatus Aircraft Ltd.*, 566 F.3d at 101. The exercise of specific jurisdiction must also "comport with [traditional notions of] fair play and substantial justice." *Id.*

The Complaint does not allege any facts that suggest that the cookware at issue was made or purchased in Pennsylvania, nor does it even suggest that the cookware was manufactured or sold at least 20 years before the date of Plaintiff's alleged injury, *before* Corning's divestiture of the Visions® product line. Indeed, Plaintiff's only apparent basis for asserting *in personam* jurisdiction over Corning is her speculation that in 2019 (the only time period identified in the

6

222579719

Complaint), Corning was engaged in "designing, manufacturing, selling and/or supplying cookware" that "was expected to and did reach the Plaintiff." (Compl. ¶¶ 8-9.) Because Corning does not design, manufacture, sell, or supply any consumer Visions® products in Pennsylvania or any other state, nor has it done so for 20 years prior to the date established in the Complaint, this bare allegation is insufficient to support *in personam* jurisdiction over Corning.

Defendants Corelle Brands Holding, Inc., and Corelle Brands LLC ("Corelle") have manufactured, marketed, and sold Visions® cookware for the last two decades. Corning does not exercise control over where or how Corelle markets or sells any of the products bearing the Visions® trademark. (Vallera Decl. ¶ 6). Corning also does not participate in the distribution of products and has no decision-making authority over Corelle's sales or marketing activities. *Id*. Plaintiff cannot avoid the consequences of these facts by conflating the defendants into one defined agglomeration of the "Corning Defendants" (Compl. ¶ 5) without a factual basis to do so, which is expressly lacking from the facts alleged in the Complaint; and her efforts to do so render her claims against all the defendants deficient as a matter of law and in conflict with any demonstrated facts.

Because Plaintiff has pled no facts sufficient to show that Corning was purposefully active in Pennsylvania in ways that were at all related to the manufacture and/or sale of the cookware at issue, this Court lacks specific personal jurisdiction over Corning in this action.

**B. Alternatively, the Complaint Fails to State Claims Against Corning Upon Which Relief Can Be Granted**

Because of the lack of personal jurisdiction over Corning, this Court need not reach whether Plaintiff's allegations against Corning state claims upon which relief can be granted. Should the Court examine this issue, however, the Court should dismiss the Complaint against

Corning because Plaintiff has failed to plead facts that, if proven at trial, would entitle her to relief against Corning.

"While a complaint . . . does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*.

Plaintiff's Complaint alleges only threadbare recitals of some, but not all, of the elements of a product liability action. In all product liability cases, a plaintiff "must prove that '(1) the product was defective, (2) the defect existed when it left the defendant's hands, and (3) the defect caused the harm.'" *Chandler v. L'Oréal USA, Inc.*, 340 F. Supp. 3d 551, 561 (W.D. Pa. 2018) (citing *Barton v. Lowe's Home Centers, Inc.*, 124 A.3d 349, 354 (Pa. Super Ct. 2015)). Here, Plaintiff has failed to allege an essential element of her cause of action. She fails to allege that any defect with her Visions® cookware existed at the time it left Corning's hands. Moreover, Plaintiff fails to allege that the cookware at issue was *ever* in Corning's hands. The Complaint contains no allegation that Plaintiff's piece of Visions® cookware had been manufactured or sold before 1998 or that any Visions® cookware product made or sold by Corning before 1998 is defective or caused her injury.[1]

---

[1] The Complaint also states that Corning failed to "properly test the cookware." Pennsylvania, however, does not recognize a tort for negligent failure to test product. *Viguers v. Philip Morris USA, Inc.*, 2003 Pa. Super. 446, at ¶ 21 (2003) (holding "the claim for 'negligent failure to test'

8

Within Counts I and II, the Complaint summarily states that Corning acted negligently "in failing to warn of the dangers of the cookware." (Compl. ¶ 16(d)). To properly plead a negligent failure to warn claim, Plaintiff was required to allege that 1) Corning knew or should have known that the Visions® cookware was dangerous; 2) Corning had reason to believe that Plaintiff would not realize the dangerous condition of her cookware; and 3) Corning failed to exercise reasonable care to warn Plaintiff of the Visions® cookware's dangers. *Chandler*, 340 F. Supp. 3d at 562. Plaintiff's Complaint, however, fails to include even barebones allegations of these essential claim elements. The Complaint fails to allege facts that if proven at trial would show that Corning knew or had reason to know that the Visions® cookware was dangerous.

Consequently, Plaintiff's manufacturing and design defect claims, as well as her failure to warn claim, fail to state a claim upon which relief can be granted. Plaintiff's Complaint consists of nothing but a few "[t]hreadbare recitals of the elements of a cause of action." *See Iqbal*, 556 U.S. at 678. Indeed, aside from identifications of the relevant parties (Compl. ¶¶ 1-6), the 18 paragraphs set forth in the Complaint are almost exclusively comprised of legal conclusions rather than factual statements:

- "Defendants breached the duties owed to the Plaintiffs as mandated by selling the cookware in a defective condition to the ultimate user of the product" (Compl. ¶ 10);

- "The cookware was defective because it did not meet the reasonable expectations of an ordinary consumer . . . [,] the risk posed by its design and manufacture greatly exceeded the utility, if any, of its design . . . [, and] it failed to be properly labeled" (*id*. ¶¶ 12-14);

---

is not a viable cause of action recognized by our courts, and we have found no 'duty to test' that would be the basis of such a claim."); *see also Oddi v. Ford Motor Co.*, 234 F.3d 136, 143-44 (3d Cir. 2000) (holding plaintiff's "'negligent failure to test' claim is . . . nothing more than a routine products liability case" and plaintiff still must establish a design defect to recover).

- "As the direct, legal and proximate result of the breach of the mandates of strict product liability law," Plaintiff was injured (*id.* ¶ 15);

- "Defendants acted willfully and wantonly, recklessly, and/or negligently" in designing, manufacturing, marketing, and selling the cookware at issue (*id.* ¶ 17(a));

- Plaintiff's injuries and damages are the "direct, legal, and proximate result of the negligence of Defendants" (*id.* ¶ 18).

The allegations are merely conclusory statements and/or legal conclusions devoid of any facts. The Complaint therefore fails to satisfy Plaintiff's pleading burden. *See Twombly*, 550 U.S. at 555 (labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .). Thus, Plaintiff's Complaint as to Corning must be dismissed for failure to state a claim.

Dismissal with prejudice is appropriate because Corning's lack of involvement with any aspect of the cookware at issue in the Complaint means that no set of facts exist that will support Plaintiff's claims against Corning. *See Battle Born Munitions, Inc. v. Dick's Sporting Goods, Inc.*, No. CV 18-1418, 2019 WL 1978429, at *6 (W.D. Pa. May 3, 2019) (Fischer, J.) (granting a defendant's motion to dismiss with prejudice where plaintiff failed to plead sufficient factual content to allow this Court to reasonably infer that defendant is liable for any misconduct, and finding that "any amendment [to the complaint] would be futile given the Court's" finding that no set of facts supported plaintiff's claims against defendant); *see also Reuben v. U.S. Air*, No. CIV.A. 11-1235, 2012 WL 2302156, at *10 (W.D. Pa. June 18, 2012), *aff'd sub nom.*, *Reuben v. U.S. Airways Inc.*, 500 F. App'x 103 (3d Cir. 2012) (granting a defendant's motion to dismiss with prejudice where a plaintiff failed to state a claim upon which relief could be granted, and denying plaintiff's motion for leave because the Complaint was baseless).

## IV. CONCLUSION

Corning respectfully requests that the Court issue an Order dismissing with prejudice all claims against Corning pursuant to Rule 12(b)(2) for lack of *in personam* jurisdiction or, in the alternative, pursuant to Rule 12(b)(6) for failure to state a claim.

Respectfully submitted,

Date: October 24, 2019

/s/ J. Alexander Hershey
J. Alexander Hershey
Pa. I.D. No. 84741
CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219-1425
(412) 394-7711
ahershey@clarkhill.com

*Of Counsel:*
Kimball Anderson
DaWanna McCray
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
kanderson@winston.com
dmccray@winston.com
(312) 558-5600

*Counsel for Corning Incorporated*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on October 24, 2019, a copy of the foregoing document was filed and served through the Court's CM/ECF system as follows:

>Daniel D. Schiffman
>Pa. I.D. No. 309825
>SCHIFFMAN FIRM, LLC
>1300 Fifth Avenue
>Pittsburgh, PA  15219
>(412) 288-9444
>dan@shiffmanfirm.com
>
>*Counsel for Plaintiff*


>Jason M. Reefer
>PIETRAGALLO GORDON ALFANO
>BOSICK & RASPANTI, LLP
>One Oxford Centre
>301 Grant St, 38th Floor
>Pittsburgh, PA  15219
>(412) 263-1840
>JMR@Pietragallo.com
>
>*Counsel for Defendants*
>*Corelle Brands, LLC,*
>*Corelle Brands Holding, Inc., and*
>*World Kitchen, Inc.*


         /s/ J. Alexander Hershey

222579719